# E. F. ANGEL *et al.*

## *v.*

## THE PLUME AND ATWOOD MANUFACTURING COMPANY.

1. PRACTICE—*trying cause out of its order on the docket.* The Practice Act of 1872 having provided for the docketing of causes, and their trial in the order in which they are docketed, and how persons desiring a speedy judgment in actions *ex contractu,* where there is no substantial defense, shall be ·allowed to have their cases taken up and disposed of out of their order, it is not competent for the court to provide by a rule of court a different mode for this purpose.

2. Unless the plaintiff files with his declaration an affidavit showing the nature of his demand and the amount due him from the defendant, after allowing all just credits, etc., it is error for the court to take up and try the case out of its order on the docket.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by the Plume and Atwood Manufacturing Company against E. F. Angel, R. Waterman and W. P. Davis, upon an account. The court below took up and tried the case out of its order on the docket, for failure of the defendants to comply with the following rule of court:

" *Ordered,* that in any case *ex contractu* pending on an issue of fact only, or only requiring the *similiter* to be added, which

is noticed for trial at any term, if the plaintiff, or an attorney or agent of the plaintiff, shall make an affidavit that he or she believes that the defense is made only for delay, by giving the defendant's attorney, or the defendant, if he or she do not appear by attorney, five days' previous notice, with a copy of such affidavit, that the plaintiff will bring on said case for trial at the opening of court on a day of such term, to be specified in such notice, or as soon thereafter as the court will try the same, may proceed to a trial at the time specified in said notice, unless it shall be made to appear to the court, by affidavit of facts in detail, that the defense is made in good faith, when the case will remain to be tried in its regular order in the trial calendar."

Mr. Consider H. Willett, and Messrs. Sheldon & Waterman, for the appellants.

Mr. Henry V. Freeman, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

We held in *Fisher* v. *The National Bank of Commerce,* at the present term, that the Practice Act in force July 1st, 1872, having provided for the docketing of cases and their trial in the order in which they are docketed, and how persons desiring a speedy judgment in actions *ex contractu,* where there is no substantial defense, shall be allowed to have their cases taken up and disposed of out of their order on the docket, it was not competent for the Superior Court of Cook county to provide, by a rule of court, a different mode for this purpose; and that the rule of that court, under which the present case was taken up and disposed of out of its order on the docket, was abrogated.

The statute affords a simple and convenient way by which a party having a meritorious cause of action *ex contractu,* can obtain a speedy disposition of his cause. He has only to file an affidavit with his declaration showing the nature of his demand and the amount due him from the defendant, after al-

lowing to the defendant all his just credits, deductions and set-offs, and if the defendant does not then file an affidavit of merits with his plea, he is entitled to judgment by default.

The practice being regulated in this particular respect by law, must, under the constitution, "be uniform in all courts of the same class or grade," and the Superior Court of Cook county is of "the same class or grade" with the circuit courts of the State.

The court below, therefore, erred in taking up and disposing of the case out of its order on the docket for a failure to comply with the rule of court referred to, and the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT and Mr. JUSTICE SHELDON, dissenting:

The statute provides that causes "shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct."

The court below, for what it deemed good and sufficient cause, directed that the trial of the case should take place out of its order on the docket. As we regard it, there was the express warrant of the statute for so doing. We fail to perceive wherein it was in contravention to the 37th section of the present Practice Act. Had the defendant filed his affidavit of a defense upon the merits, as in the case of *Fisher* v. *National Bank of Commerce,* decided at the present term, the action of the court might have been regarded as contrary to the spirit of that section. But here, the defendant filed no affidavit whatever, in regard to the merits of his defense.

We do not understand that, by the constitution, courts are debarred from adopting their own rules of practice, or that such rules of practice must be uniform in the courts; the restriction of the constitution in that respect being only, that the practice of courts *so far as regulated by law* shall be uniform.

The 37th section of the present Practice Act relates only to the taking of judgments by default, enlarging the rule in that

respect, it providing that where the plaintiff shall file with his declaration an affidavit of the amount of his claim which is due to him, he shall be entitled to a judgment as in case of default, unless the defendant shall file with his plea an affidavit of merits. It does not purport to be in any way a regulation as to the trying of causes with regard to their position on the docket.